# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CORSETTI BRAND,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 19-cv-931-NJR |
| | ) |
| **LIEUTENANT ROBINSON and** | ) |
| **C/O JOHN DOE,** | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Corsetti Brand, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Shawnee Correctional Center, brings this action pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights while he was incarcerated at Centralia Correctional Center. In the Complaint, Plaintiff alleges Lieutenant Robinson used excessive force against him. He asserts claims against the defendant under the First and Eighth Amendments. Plaintiff seeks monetary damages.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

1

## The Complaint

In his Complaint, Plaintiff makes the following allegations: On May 22, 2019, Plaintiff was escorted to internal affairs and met with Lieutenant Robinson and a number of John Doe Correctional Officers (Doc. 1, p. 7). They questioned him about a statement he made on May 21, 2019, and when he refused to submit to a voice stress analysis, they handcuffed him, shackled his ankles, pushed him to his knees, and punched and kneed him in the head and shoulders (*Id*.). Some of the John Doe officers failed to intervene while Robinson and the other John Does beat Plaintiff (*Id*. at pp. 7-8). Plaintiff alleges that the excessive force used against him was in retaliation for Plaintiff exercising his First Amendment right to refuse a voice analysis test.

## Discussion

Based on the allegations in the Complaint, the Court finds it convenient to divide the *pro se* action into the following three counts:

> **Count 1:** **Lieutenant Robinson used excessive force against Plaintiff in violation of the Eighth Amendment.**
>
> **Count 2:** **Lieutenant Robinson retaliated against Plaintiff in violation of the First Amendment.**
>
> **Count 3:** **Lieutenant Robinson committed an assault and battery against Plaintiff under Illinois state law.**

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[1]

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

**Preliminary Dismissals**

Plaintiff has identified groups of individuals, such as John Doe Correctional Officers, as defendants, which is improper. To state a Section 1983 claim against an individual or entity, Plaintiff must specifically identify them, by name or Doe designation. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); Fed. R. Civ. P. 8(a)(2).[2] Here, Plaintiff has only identified a group of correctional officers without providing any identifying information or even the number of correctional officers involved in the use of excessive force against Plaintiff. Accordingly, the John Doe Correctional Officers are **DISMISSED without prejudice**.

**Count 1**

At this stage, Plaintiff states enough for a claim for excessive force against Robinson in Count 1 to proceed. *DeWalt v. Carter*, 224 F.3d 607, 619 (7th Cir. 2000).

**Count 2**

Plaintiff also states a claim against Robinson for retaliation. *Antoine v. Ramos*, 497 F. App'x 631, 633-34 (7th Cir. 2012); *Bridges v. Gilbert*, 557 F.3d 541, 551 (7th Cir. 2009).

**Count 3**

To the extent Plaintiff alleges tort claims for assault and battery, these state law claims are based on the same facts that support the excessive force claim in Count 1. Thus, Plaintiff may also proceed with Count 3. *See e.g. Shea v. Winnebago Cty. Sheriff's Dep't*, 746 F. App'x 541, 548 (7th Cir. 2018) (discussing assault and battery under Illinois law).

---

[2] Group defendants also create problems with service of process. *See Jenkins v. Wisconsin Res. Ctr.*, No. 09-CV-323-BBC, 2009 WL 1797849, at *1 (W.D. Wis. June 24, 2009) (a group of people cannot be sued; each defendant must be an individual or legal entity that may accept service of a complaint) (citing FED .R. CIV. P. 4(e)-(j)).

## Pending Motions

In his Motion for Counsel (Doc. 3), Plaintiff states that he needs counsel to help with his case and to identify the John Does. Plaintiff has not, however, indicated whether he has met his threshold burden of trying to obtain counsel on his own. Further, given the early stage of the litigation, it is difficult to accurately evaluate the need for assistance of counsel. *See Kadamovas v. Stevens*, 706 F.3d 843, 845 (7th Cir. 2013) ("[U]ntil the defendants respond to the complaint, the plaintiff's need for assistance of counsel ... cannot be gauged.").[3] Therefore, Plaintiff's Motion for Counsel (Doc. 3) is **DENIED** without prejudice. Plaintiff may renew his request for the recruitment of counsel at a later date. Should he renew his request for counsel, the Court directs Plaintiff to (1) contact at least **three** attorneys regarding representation *in this case* prior to filing another motion, (2) include in the motion the name and addresses of at least three attorneys he has contacted, and (3) if available, attach the letters from the attorneys who declined representation. Plaintiff should also include in his motion a specific statement as to why he believes recruitment of counsel is necessary in his case.

## Disposition

For the reasons set forth above, Counts 1, 2, and 3 shall proceed against Lieutenant Robinson. The John Doe Correctional Officers are **DISMISSED without prejudice** and the Clerk is **DIRECTED** to **TERMINATE** them from the docket.

The Clerk of Court shall prepare for Defendant Lieutenant Robinson: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this

---

[3] In evaluating the motion for counsel, the Court applies the factors discussed in *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007), and related authority.

Memorandum and Order to the defendant's place of employment as identified by Plaintiff. If defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the defendant, and the Court will require the defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure. Because the Court is directing service, Plaintiff's motion for service of process at government's expense (Doc. 4) is **DENIED as moot**.

If defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g). **Pursuant to Administrative Order No. 244, Defendant need only respond to the issues stated in this Merit Review Order**.

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a

delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 12/11/2019**

*[signature: Nancy J. Rosenstengel]*

**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

### Notice to Plaintiff

The Court will take the necessary steps to notify the defendant of your lawsuit and serve him with a copy of your complaint. After service has been achieved, the defendant will enter an appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendant's Answer, but it is entirely possible that it will take **90 days** or more. When the defendant has filed an Answer, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendant before filing any motions, to give the defendant notice and an opportunity to respond to those motions. Motions filed before defendant's counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**