IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CROSETTI BRAND,** | |
| **Plaintiff,** | |
| v. | Case No. 19-cv-931-NJR |
| **JASON ROBINSON,** | |
| **Defendant.** | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Crosetti Brand, an inmate of the Illinois Department of Corrections ("IDOC") who was incarcerated at Shawnee Correctional Center at the time he brought this action,[1] seeks monetary damages pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights while he was incarcerated at Centralia Correctional Center ("Centralia"). In the Complaint, Brand alleges Lieutenant Robinson used excessive force against him; he asserts claims against Robinson under the First and Eighth Amendments.

The case is now before the Court on summary judgment motions filed by both parties. Brand filed a motion for summary judgment on all of his claims (Docs. 51, 52). Robinson filed a response to the motion (Doc. 64), and Brand filed a reply brief (Doc. 73). Robinson also filed a partial summary judgment motion on Brand's retaliation claim (Docs. 65, 66). Brand filed a response to the motion (Docs. 68, 70).

---

[1] According to IDOC's official website, https://www2.illinois.gov/idoc/Offender/Pages/InmateSearch.aspx, Brand is currently housed at Pinckneyville Correctional Center (last accessed Mar. 8, 2022).

**FACTUAL AND PROCEDURAL BACKGROUND**

On August 26, 2019, Brand filed his Complaint alleging excessive force and retaliation against Robinson. He later filed an Amended Complaint (Doc. 30), which clarified his claims and added additional facts. Brand alleged that on May 22, 2019, when he refused to submit to a voice stress analysis, Robinson handcuffed and then beat him. Brand alleged Robinson's use of force was in retaliation for Brand's refusal to submit to the voice stress analysis test.

After an initial screening, Brand was allowed to proceed on the following three counts:

> **Count 1:** **Robinson used excessive force against Brand in violation of the Eighth Amendment.**
>
> **Count 2:** **Robinson retaliated against Brand in violation of the First Amendment.**
>
> **Count 3:** **Robinson committed an assault and battery against Brand under Illinois state law.**

(Doc. 11, p. 2).

On February 11, 2019, Brand arrived at Centralia (Doc. 66-4). On May 21, 2019, Centralia's Internal Affairs opened an investigation in response to a request slip submitted by Brand. The slip, dated May 20, 2019, requested to speak to Internal Affairs about "grave intel information" (Doc. 66-2, p. 6). Internal Affairs conducted an interview with Brand where he alleged four inmates conspired to harm a female staff member (*Id.* at p. 8-10; Doc. 66-1, p. 28).

On May 22, 2019, Brand went back to Internal Affairs for another interview

(Doc. 66-1, p. 33). He was interviewed by Robinson (Do. 66-1, p. 37). During the interview, he was not mechanically restrained (*Id.* at 38). Robinson questioned Brand about the statement he made on May 21, 2019 (*Id.* at p. 40). During the interview, Robinson asked if Brand would submit to a voice stress analysis (polygraph test) (*Id.* at pp. 40-41). Brand was provided with a form, but Brand refused to consent to the test (*Id.* at p. 41; Doc. 66-2, p. 29). Robinson signed the form, indicating that Brand refused to sign the consent form (*Id.*; Doc. 70, p. 29).

After Brand refused the voice stress analysis, the parties dispute what happened next. Brand testified that Robinson "threw a rage and handcuffed my hands behind my back and started shackling my ankles and pushed me to my knees and started punching me and kicking me and hitting me and kneeing me in my head and shoulders" (Doc. 66-1, p. 41). Brand testified it was his First Amendment right to refuse the analysis and when he refused to sign the consent, Robinson assaulted him (*Id.* at pp. 41, 43). Brand testified that Robinson's actions were out of retaliation for Brand's refusal to consent and that the implication was "logical" because it occurred right after Brand refused the test (*Id.* at pp. 43-44). Brand also testified that the Illinois Administrative Code prohibits an inmate from being disciplined if he refuses to take a polygraph test. *See* 20 Ill. Admin. Code §112.40(b) ("An employee or an offender who refuses to take [a polygraph test] may not be disciplined for refusing to do so."). Robinson denied that he used any excessive force (Doc. 70, p. 30; Doc. 64-1, p. 2).

After the interview, Brand was escorted to segregation (Doc. 66-1, p. 45-46). Internal Affairs later determined that Brand's claim regarding the conspiracy to assault

staff was untruthful (Doc. 66-2, p. 41). On May 28, 2019, Brand was charged with 110—Impeding or Interfering with an Investigation and 208—Dangerous Communications (*Id.* at pp. 40-41; Doc. 66-3).

## LEGAL STANDARDS

### A. Summary Judgment Standard

Federal Rule of Civil Procedure 56 governs motions for summary judgment. Summary judgment is appropriate if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. *Archdiocese of Milwaukee v. Doe*, 743 F.3d 1101, 1105 (7th Cir. 2014), citing Fed. R. Civ. P. 56(a). *Accord Anderson v. Donahoe*, 699 F.3d 989, 994 (7th Cir. 2012). A genuine issue of material fact remains "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). *Accord Bunn v. Khoury Enter., Inc.*, 753 F.3d 676, 681-82 (7th Cir. 2014).

In assessing a summary judgment motion, a district court views the facts in the light most favorable to, and draws all reasonable inferences in favor of, the nonmoving party. *Anderson*, 699 F.3d at 994; *Delapaz v. Richardson*, 634 F.3d 895, 899 (7th Cir. 2011). As the Seventh Circuit has explained, as required by Rule 56(a), "we set forth the facts by examining the evidence in the light reasonably most favorable to the non-moving party, giving [him] the benefit of reasonable, favorable inferences and resolving conflicts in the evidence in [his] favor." *Spaine v. Community Contacts, Inc.*, 756 F.3d 542 (7th Cir. 2014).

**B. Retaliation**

Prison officials may not retaliate against an inmate for exercising his First Amendment rights, even if their actions would not independently violate the constitution. *See Zimmerman v. Tribble*, 226 F.3d 568, 573 (7th Cir. 2000), *Bridges v. Gilbert*, 557 F.3d 541, 552 (7th Cir. 2009). To prevail on a First Amendment retaliation claim, a plaintiff must ultimately show that (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was "at least a motivating factor" in the defendant's decision to take the retaliatory action. *Bridges*, 577 F.3d at 546 (quoting *Massey v. Johnson*, 457 F.3d 711, 716 (7th Cir. 2006)).

At the summary judgment stage, the Seventh Circuit has held that the burden of proving causation is split between the parties. *Kidwell v. Eisenhauer*, 679 F.3d 957, 965 (7th Cir. 2012). Initially, in order to establish a *prima facie* case, the plaintiff must produce evidence that his speech was at least a "motivating" factor in the defendant's decision to take retaliatory action. *Id.* Then, the burden shifts to the defendant "to rebut the causal inference raised by the plaintiff's evidence" and show that the harm would have occurred anyway, despite the protected activity. *Id.*

ANALYSIS

**A. Retaliation Claim**

Robinson argues that he is entitled to summary judgment because Brand cannot meet his *prima facie* case for a retaliation claim. Specifically, Robinson argues that Brand has not—and cannot—show that he was engaging in protected speech when the alleged

use of force took place. Brand's Amended Complaint alleges that he refused to give his consent to a participate in a voice stress analysis and it was that refusal to participate in the investigation that triggered Robinson's use of force. He argues that his refusal was protected speech. To support his position, he points to a provision of the Illinois Administrative Code which states that "an offender who refuses to take [a polygraph] examination may not be disciplined for refusing to do so." 20 Ill. Admin. Code § 112.40(b).

Robinson argues that the Seventh Circuit has held that the refusal to cooperate with a prison investigation is not protected speech. *See Caffey v. Maue*, 679 F. App'x 487, 490 (7th Cir. 2017). In that case, the Seventh Circuit held that an inmate's refusal to talk during an investigative interview did not constitute protected speech because an inmate "may be compelled to disclose information during internal investigations *provided they are not punished for refusing to make self-incriminating statements without immunity*" *Caffey*, 679 F. App'x at 490 (emphasis added). *See also Fields v. Lashbrook*, Case No. 14-cv-318-MJR-SCW, 2016 WL 3124839, at *4 (S.D. Ill. June 3, 2016) (finding no case law establishing a First Amendment right to remain silent in a prison investigation unless asserting a right against self-incrimination). Although an inmate does not have a First Amendment right to refuse to participate in an investigation, his rights may be implicated if the questions might incriminate him. *See* Caffey, 679 F. App'x at 490.

Looking at the facts in the light most favorable to Brand, *Bunn v. Khoury Enterprises, Inc.*, 753 F.3d 676, 681 (7th Cir. 2014); *Spaine v. Community Contacts, Inc.*, 756 F.3d 542, 544 (7th Cir. 2014) ("we set forth the facts by examining the evidence in the light reasonably most favorable to the non-moving party, giving [him] the benefit of reasonable, favorable

inferences and resolving conflicts in the evidence in [his] favor"), it could be found that Brand was refusing to make self-incriminating statements by refusing the voice stress analysis. The investigative file indicates that at some point in the investigation, Internal Affairs came to believe that Brand was lying, and the investigation ultimately led to charges against Brand (*See* Doc. 66-2). He was interviewed for a second time about his statement on May 22, 2019, and asked to take a voice stress analysis. Although Robinson is correct that a violation of an administrative code provision, like the one prohibiting punishment against an inmate who refuses a voice stress analysis, does not rise to a constitutional claim, *see Thompson v. City of Chicago*, 472 F.3d 444, 454 (7th Cir. 2006), his refusal to take a voice stress analysis could be a refusal to make self-incriminating statements against himself. Robinson has not offered evidence to show when the investigation turned to focus on Brand himself. If the facts at trial show that Brand was the focus of the investigation at the time of his second interview and he refused to make self-incriminating statements, his refusal *could* implicate a protected right. Thus, Robinson has not met his burden of proving he is entitled to judgment as a matter of law on the retaliation claim.

In response to Brand's summary judgment motion, Robinson also argues that Brand has no evidence that Robinson's conduct was motivated by Brand's refusal to take the voice stress analysis. But Brand testified that the assault occurred immediately after his refusal to take the test, and a jury could find that his refusal was a "motivating factor" for the assault. *Kidwell v. Eisenhauer*, 679 F.3d 957, 966 (7th Cir. 2012) (while suspicious timing alone will rarely be sufficient to find retaliation, it can give rise to an inference of

causation if the adverse action followed "close on the heels of protected expression."). Thus, Brand has presented enough evidence to meet his *prima facie* case, at least at this stage, and Robinson has not shown that he is entitled to summary judgment. Further, because the parties dispute whether Robinson used force against Brand at all, there remain issues of fact which prevent summary judgment as to Brand.

### B. Remaining Claims

Brand's summary judgment motion also argues that he is entitled to summary judgment on the excessive force and state law claims. Robinson does not seek summary judgment on the remaining claims because, he argues, there remain issues of material fact. Brand alleges that Robinson used excessive force against him after he refused to take a voice stress analysis. Robinson testified that he did not use any excessive force against Brand, that he did not hit, kick, or strike him at any point during the interview (Doc. 64-1). Brand testified in his affidavit that no one else was in the room at the time of the interview when the alleged incident occurred (Doc. 66-1, p. 38). "Where the parties present two vastly different stories— as they do here—it is almost certain that there are genuine issues of material fact in dispute." *Washington v. Haupert*, 481 F.3d 543, 550 (7th Cir. 2007) (quoting *Payne v. Pauley*, 337 F.3d 767, 770 (7th Cir. 2003)); *see also Qian v. Kautz*, 168 F.3d 949, 953 (7th Cir. 1999). Here, there are disputes of fact which prevent the awarding of summary judgment. *See Payne*, 337 F.3d at 770 ("summary judgment cannot be used to resolve swearing contests between litigants"). Thus, Brand is **DENIED** summary judgment as to the remaining claims.

CONCLUSION

For the reasons stated above, both summary judgments filed by Brand (Doc. 51, 52) and Robinson (Docs. 65, 66) are **DENIED**.

This case is now ready for trial. Brand recently filed a motion for counsel (Doc. 77), requesting counsel for trial. That motion (Doc. 77) is **GRANTED**; the Court will assign counsel by separate Order.

**IT IS SO ORDERED.**

DATED:   March 9, 2022

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**